# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

TYRONE B. GREEN,        )
                                       )
   Plaintiff,            )
                                       )
v.                                 )        CV423-199
                                       )
WARDEN AARON         )
PINEIRO, *et al.*,         )
                                     )
   Defendants.         )

## **REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Tyrone B. Green filed this 42 U.S.C. § 1983 case, alleging that prison staff failed to appropriately treat an unspecified condition which causes seizures. *See* doc. 1 at 5-6. He has moved to proceed *in forma pauperis*. Doc. 2. Although he appears to lack sufficient funds to pay the Court's filing fee, he is precluded from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g)'s "three-strikes" bar. He also failed to disclose his prior litigation history. *See* doc. 1 at 2. Accordingly, his Motion should be **DENIED**, doc. 2, and his case **DISMISSED**.

1

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions. 28 U.S.C. § 1915(g). The relevant provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* The Court has identified at least three of Green's prior cases that count as "strikes" under the PLRA. *See Green v. Bennett*, CV599-029, doc. 8-1 at 3-4 (S.D. Ga. May 4, 1999) (recommending dismissal because complaint acknowledged failure to exhaust administrative remedies), *adopted* doc. 11 (S.D. Ga. May 21, 1999); *Green v. Bennett*, CV500-008, doc. 8, at 3-4 (S.D. Ga. Aug. 31, 2000) (recommending dismissal because complaint acknowledged failure to exhaust administrative remedies), *adopted* doc. 11 (S.D. Ga. Sept. 25, 2000); *Green v. Sedgwick-Pligram Pride*, CV514-009, doc. 5 at 2 (S.D. Ga. Feb. 10, 2014) (recommending dismissal for failure to state a claim), *adopted* doc. 8 (S.D. Ga. Mar. 6, 2014); *Green v. Douglas Police Dept.*, CV514-024, doc. 11 at 3 (S.D. Ga.

May 27, 2014) (recommending dismissal of complaint as time barred), *adopted* doc. 13 (S.D. Ga. June 23, 2014).

The Eleventh Circuit has recently explained that when evaluating whether prior dismissals resulted in a strike, courts "look to the prior order that dismissed the action . . . and the reasons the court gave for dismissing it." *Wells v. Brown*, 58 F.4th 1347, 1358 (11th Cir. 2023). In *Wells*, the court expressly held that dismissal for failure to exhaust administrative remedies is tantamount to dismissal for failure to state a claim "if the failure to exhaust appears on the face of the prisoner's complaint." *Id.* at 1350. Thus, both of Green's failure-to-exhaust dismissals, in CV599-029 and CV500-008, count as strikes. The express dismissal of CV514-009 for failure to state a claim is clearly a strike. That's at least three. Finally, "[i]f a prisoner's allegations in his complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a viable claim." *Covington v. Smith*, 2022 WL 4363310, at *3 (11th Cir. Sept. 21, 2022) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Thus, the dismissal of CV514-024 as barred by the statute of limitations also

counts as a strike. Green, therefore, had accrued at least three § 1915(g) strikes before he filed this action.[1]

PLRA does provide an exception to the "three strikes" provision if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). In the context of an ongoing medical problem, courts have recognized that non-specific allegations of health problems and "continuing harm as a

---

[1] In 2014, the United States District Court for the Middle District of Georgia recognized that Green was subject to the three-strikes bar. *See Green v. Taylor*, 5:14-cv-303-CAR, doc. 6 (M.D. Ga. Sept. 11, 2014). Green's Complaint in that case provided the same prisoner identification number provided here. *Compare* doc. 1 at 1, *with* 5:14-cv-303, doc. 1 at 1 (M.D. Ga. Aug. 18, 2014).

direct result of being denied [medical care]" are sufficient to allege a "serious physical injury." *See Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (citations omitted).

Green has not alleged any fact sufficient to establish that he is in imminent danger of serious physical harm. First, he does not specifically allege what condition he suffers from. *See* doc. 1 at 5-6. He only alleges that he suffers from an unnamed neurological condition that causes seizures. *Id.* at 5. However, Green's Complaint establishes that he was evaluated by medical staff at two different prisons, treated at the hospital, and was transferred to Phillips State Prison because of his, unspecified, "medical issues." *Id.* at 6. Green's allegations simply do not rise to the level of "withdrawal of medication and medical treatment for serious conditions causing severe ongoing complications," or that he was completely deprived of treatment. *Wright v. Sprayberry*, 817 F. App'x 725, 729 (11th Cir. 2020).

Moreover, even if Green had alleged sufficient imminent danger to qualify for the exception to the three-strikes bar, Green's misrepresentation of his litigation history merits dismissal. *See Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of

5

complaint where prisoner failed to accurately disclose previous litigation). Green affirmatively states that he has not brought any previous lawsuits while incarcerated. *See* doc. 1 at 2. The manifest falsity of that claim is established by the fact that the Complaint in CV514-024, provides an identical identification number as the instant Complaint. *Compare* CV514-024, doc. 1 at 1 (S.D. Ga. Mar. 17, 2014) (identifying plaintiff as "Tyrone B. Green # 762951"), *with* doc. 1 at 1 (identifying plaintiff as "Tyrone B. Green #762951"). Dismissal as a sanction for selective disclosure, much less wholesale misrepresentation, is well established in this District. *See, e.g., Brown v. Wright*, CV111-044, doc. 12 (S.D. Ga. June 17, 2011); *Hood v. Tompkins*, CV605-094, doc. 8 (S.D. Ga. Oct. 31, 2005), *aff'd,* 197 F. App'x 818 (11th Cir. 2006). Green's misrepresentation, therefore, provides an independently sufficient ground to dismiss this case.[2]

---

[2] Green should be familiar with the consequences of misrepresenting his prior litigation history. The United States District Court for the Middle District of Georgia has dismissed multiple complaints, filed by Green, for "abuse of the judicial process," for identical misrepresentations. *See* 5:14-cv-303, doc. 6 at 3-4; *see also Green v. Taylor*, 5:16-cv-036-MTT-MSH, doc. 7 at 4-5 (M.D. Ga. Feb. 3, 2016). Those prior dismissals establish that Green's failure to disclose his history in this case was an intentional attempt to deceive the Court. As the Honorable Marc T. Treadwell noted, "[e]ven if Plaintiff was honestly unable to remember the case numbers or dates [his prior] lawsuits were filed, Plaintiff was undoubtedly aware that he had filed more

Accordingly, Green's request to proceed *in forma pauperis*, doc. 2, should be **DENIED**, and this case **DISMISSED**, pursuant to 28 U.S.C. § 1915(g). *See, e.g., Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).") Alternatively, Green's Complaint should be **DISMISSED** for his misrepresentation of his litigation history. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

---

lawsuits than shown on the complaint and was required to at least disclose this fact." 5:16-cv-036, doc. 7 at 4-5.

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 24th day of July, 2023.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA